UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KIMBERLY P.                              :
                                         :
v.                                       :        C.A. No. 20-00425-MSM
                                         :
KILOLO KIJAKAZI, Commissioner            :
Social Security Administration           :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed her Complaint on September 25, 2020 seeking to reverse the Decision of the Commissioner. On April 21, 2021, Plaintiff filed a Motion to Reverse the Decision of the Commissioner. (ECF No. 15). On June 21, 2021, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 17). On July 6, 2021, Plaintiff filed a Reply. (ECF No. 18).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse (ECF No. 15) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 17) be DENIED.

## I.     PROCEDURAL HISTORY

Plaintiff filed an application for SSI on September 18, 2018 (Tr. 208-227) and for DIB on October 30, 2018 (Tr. 231-232) alleging disability since August 2, 2018. The Applications were

denied initially and on reconsideration.  (Tr. 125-27, 129-42).  Plaintiff requested an Administrative

Hearing.  On August 29, 2019, a hearing was held before Administrative Law Judge Martha Bower

(the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE")

appeared and testified.  (Tr. 36-55).  The ALJ issued an unfavorable decision to Plaintiff on October

2, 2019.  (Tr. 12-29).  The Appeals Council denied Plaintiff's request for review on August 12,

2020.  (Tr. 1-3).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with

this Court.

## II.    THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to give appropriate weight to her treating physicians'

opinions and erred in evaluating the severity of her conditions and thus her RFC.

The Commissioner contends that the ALJ's Step 5 denial is supported by substantial

evidence and that any arguable error in her analysis is harmless.

## III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact and must include such relevant evidence as

a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS,

955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st

Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must

affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v.

Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir.

1991).  The court must view the evidence as a whole, taking into account evidence favorable as well

as unfavorable to the decision.  Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker

v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001).  On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council).  After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken
> before the Commissioner of Social Security, but only upon a
> showing that there is new evidence which is material and that there
> is good cause for the failure to incorporate such evidence into the
> record in a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence six remand, the parties must return to the court after remand to file modified findings of fact.  Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings.  Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

A.      Treating Physicians

Substantial weight should be given to the opinion, diagnosis, and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical

and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of HHS, 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527(c). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of HHS, 816 F.2d 792, 794 (1st Cir. 1987).

**B.      Developing the Record**

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

**C.      Medical Tests and Examinations**

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision.  Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

**D.      The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability.  See 20 C.F.R. §§ 404.1520, 416.920.  First, if a claimant is working at a substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. §

404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E.    Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this

burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. <u>Allen v. Sullivan</u>, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). <u>Seavey</u>, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. <u>Id.</u>; <u>see also</u> <u>Heckler v. Campbell</u>, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. <u>Nguyen</u>, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. <u>Heggarty</u>, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. <u>See</u> <u>Ferguson v. Schweiker</u>, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.      Pain

"Pain can constitute a significant non-exertional impairment." <u>Nguyen</u>, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (<u>e.g.</u>, medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms,

including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

>    (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
>    (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
>    (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
>    (4)    Treatment, other than medication, for relief of pain;
>
>    (5)    Functional restrictions; and
>
>    (6)    The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352

(11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination

is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the

implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67

F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir.

1983)).

### V.   APPLICATION AND ANALYSIS

#### A.   The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that

Plaintiff's epilepsy, migraines, depression, anxiety, and PTSD were all "severe" impairments

under the applicable regulations.  She assessed an RFC for a full range of work at all exertional

levels with certain specified non-exertional restrictions related both to Plaintiff's risk of seizure

and her mental health impairments.  At Step 5, the ALJ found, based on the VE's opinions,

that Plaintiff was not disabled because there were jobs present at both the light and sedentary

levels that were not precluded by Plaintiff's RFC.

#### B.   The ALJ's RFC Assessment Is Not Adequately Supported by the Record

After you boil all the arguments down, the issue of whether the ALJ erred by assessing an

RFC for a full range of work from an exertional standpoint is immaterial.  Since the VE testified

that there were sedentary jobs available that were not precluded by Plaintiff's RFC, any error in

that regard is harmless.  Plaintiff makes clear in her Reply Brief that the specific claimed error is

that the ALJ erred in assessing Plaintiff's "supported impairments." (ECF No. 18 at p. 2).  Plaintiff

contends that the ALJ should have assessed a less than sedentary-level RFC due to time off task

and excessive absenteeism as was the opinion of her longtime neurologist.  Plaintiff also accurately

points out that such an RFC would have resulted in a disability finding based on the VE's opinion

testimony.  (Tr. 52-54).

In evaluating this case, the ALJ found the opinions of the state agency reviewing physicians (Dr. Georgy and Dr. Kahn) to be "partially persuasive" and the opinions of Plaintiff's treating neurologist to be unpersuasive. Dr. Georgy rendered his opinion on October 26, 2018 based on his review of the medical records. (Exh. C2A). Dr. Kahn affirmed those opinions on December 20, 2018. (Ex. C5A). Because of later material developments with the medical history, the Court believes that further development of the record with some form of medical consultation was necessary to allow the ALJ to properly consider these developments and weigh the conflicting evidence.

Plaintiff has a history remarkable for a finding of a Chiari skull malformation. (Tr. 323). This was confirmed by a cervical MRI completed on November 5, 2018. (Tr. 525-526). Such a malformation can impact the brain and cause symptoms including headaches, neck pain, dizziness, insomnia, and depression. (ECF No. 15 at p. 10). Although the state agency physicians were aware of this condition when they rendered their opinions, they did not have the benefit of medical records evidencing a worsening of relevant symptoms and a subsequent opinion that Plaintiff was a candidate for surgical intervention. First, on June 27, 2019, Plaintiff was seen by Dr. Al Yacoub, her treating neurologist, for reports of increased neck pain. (Tr. 685). She reported that the pain brings on headaches which have been worse over the past two weeks. Id. She reported passing out and increased seizure-like activity. Id. She showed the doctor a video of one such event captured by her significant other. Id. Dr. Al Yacoub did not "believe" that Plaintiff's Chiari malformation was contributing to her symptoms. (Tr. 687). However, there was a "concern" that resulted in Plaintiff being referred to a neurosurgeon, Dr. Klinge, for consultation. (Tr. 705). Dr. Klinge examined Plaintiff on July 27, 2019. Id. She reviewed Plaintiff's history of symptoms and observed that cardiac and seizure issues were ruled out by negative workups. Id. Dr. Klinge concluded that Plaintiff's history of symptoms made her "a candidate for Chiari decompression" surgical intervention. (Tr. 705-706). Although the doctor wanted some additional studies to rule out other

possible issues, she concluded that "definitely we will move along with surgical intervention for Chiari malformation, in the significance of her symptoms as above." Id.

On balance, the Court believes that the ALJ should have further developed the record with expert guidance on these developments rather than to undertake a lay evaluation of them. The Commissioner suggests that since the ALJ found that Plaintiff had migraines and epilepsy based on her history, then she also properly evaluated the Chiari malformation condition. (ECF No. 17 at p. 24). This is a leap and is purely speculative since the Chiari condition could be supportive of other of Plaintiff's symptoms as well, and additional expert guidance on Plaintiff's condition may have caused the ALJ to take a different view of the treating neurologist's opinions and Plaintiff's own subjective complaints. A remand is required to cure this error.

Although arguably not as material to the outcome, the Court also has concerns about the record support for the ALJ's finding that Plaintiff was driving a car during an accident on March 2, 2018 and the use of that finding to undercut Plaintiff's credibility. (Tr. 25). Although it is true that a single chiropractor's note identifies Plaintiff as the "restrained driver" in the crash, (Tr. 587), all of the other relevant records identify her as the passenger, (see, e.g., Tr. 351, 534, 603), and Plaintiff testified credibly that she has not driven in years. (Tr. 44, 290). It is reasonably clear to the Court that the weight of the record evidence supports only a finding that Plaintiff was the passenger and that the single record relied upon by the ALJ was an error. The ALJ's reliance on that one record to support her credibility determination strikes the Court as unreasonable cherry picking of the record and also contributes to this remand recommendation.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse (ECF No. 15) be GRANTED and that the Commissioner's Motion to Affirm (ECF No. 17) be DENIED. I further recommend that Final Judgment enter in favor of Plaintiff remanding this matter for additional administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 28, 2021